**METS SCHIRO MCGOVERN MANETTA & MILEWSKI, LLP**
838 Green Street, Suite 102
Iselin, New Jersey 08830
Tel. (732) 636-0040
Fax (732) 636-5705
Email: lschiro@msmlaborlaw.com
*Attorneys for Plaintiffs, Sheetmetal Workers Local 22 Welfare Fund, Pension Fund, Annuity Fund, Education Fund, Vacation Fund and the Board of Trustees*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SHEETMETAL WORKERS LOCAL 22 WELFARE FUND, PENSION FUND, ANNUITY FUND, EDUCATION FUND, VACATION FUND, and THE BOARD OF TRUSTEES,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**NATIONAL AIR BALANCE COMPANY,**<br><br>**Defendant.** | DOCKET NO. *PENDING*<br><br>CIVIL ACTION |

**COMPLAINT**

Plaintiffs, Sheetmetal Workers Local 22 Welfare Fund, Pension Fund, Annuity Fund, Education Fund, Vacation Fund, Unemployment Fund, and the Board of Trustees, by their attorneys, complaint of the Defendant National Air Balance Company as follows:

1

**THE PARTIES**

1.   Plaintiff Sheetmetal Workers Local 22 Welfare Fund, Pension Fund, Annuity Fund, Education Fund, Vacation Fund, Unemployment Fund, and the Board of Trustees (hereinafter "the Fund") Plaintiffs are a labor union trust fund representing the sheet metal workers. The Fund's primary place of business is 700 Swenson Dr., Kenilworth, NJ 07033. Plaintiff is a signatory to a payment agreement and consent order for judgment, Civil Action No. 2:19-cv-19428(BRM)(JAD). See attached agreement marked hereto as "Exhibit A."

2. Defendant National Air Balance Company (hereinafter "the Company") is an employer and signatory to a collective bargaining agreement with the Sheetmetal workers and obligated to pay the various trust funds pursuant to that agreement. The Company's primary place of business is 123 Azalea St. Paramus, NJ 07652. Defendant is a signatory to a payment agreement and consent order for judgment, Civil Action No. 2:19-cv-19428(BRM)(JAD).

**JURISDICTION AND VENUE**

3.   Jurisdiction of this Court is pursuant to the Payment Agreement and Consent Order for Judgment.

**FACTS**

4. On or about August 9, 2021, various Plaintiffs and Defendant entered into a payment agreement and consent order for judgment in the event of default.

5. Defendant agreed to accept the sum of $410,000 and issue payment to Plaintiffs as full and final payment for Defendant's outstanding debts.

6. The agreement in its express terms required the Company, Defendant, to pay the Union and Funds the sum of $410,000.00 pursuant to Paragraphs 2 and 3 of the consent order.

7. The company was required, in addition to other payments, to make 36 consecutive monthly payments to the Union and Funds pursuant to the schedule set forth in Paragraph 3b of the agreement.

8. On or around November 2023 Defendant ceased paying Plaintiffs the remaining balance, with a principal amount due of $131,745.99.

9. Pursuant to the terms of the agreement the parties agreed as follows:

> (5) In the event of default, the Funds and Union may also exercise any other rights they have under law or contract to enforce the terms of this Agreement, their Fund Trust Agreements and any

other Agreements which may govern the relationship between the Company and the Funds and/or Union.

(6) The Company specifically acknowledges and agrees that, in the event of its default in the terms of this Agreement, it shall, for all purposes, be treated as having given the Funds and/or Union a Confession of Judgment as to all sums due and owing as set forth above or elsewhere in this Agreement or any other Agreement with the Funds and/or Union which may exist at the time of such default.

(7) In the event of default, the Funds, upon filing of a Complaint with a court of competent jurisdiction but with a copy sent to counsel, shall thereafter, upon ex parte application to the Court, have a monetary judgment entered against the Company for the balance due the Funds after credit for any payments made by the Company under this Agreement and after adding such additional sums as have accrued as due from the Company to Fund as described above.

(8) The Company specifically agrees and consents to the entry of such judgment and specifically agrees that such *ex parte* (notwithstanding a copy sent to counsel) application by the Funds need only be supported by a certification of the Funds' attorney or other authorized representative of the Funds stating that the payment was not made according to the terms herein including notice in order to have the final money judgment entered thereon.

## COUNT ONE

10. Plaintiffs repeat and re-alleges the facts set forth in all preceding paragraphs as if set forth fully herein.

11. Plaintiffs have not received payment from Defendant since November 2023.

12. To date, Plaintiffs are still owed $131,745.99 plus any applicable attorney fees, accounting fees, and other associated professional fees.

13. Defendant has violated the Agreement between the parties.

**PRAYER FOR DAMAGES**

**WHEREFORE**, good and just cause having been shown, Plaintiff demands judgment on all counts against Defendants, and seeks the following relief as to each count:

A. Principal amount due of $131,745.99;

B. 8% per annum simple interest;

C. Additional liquidated damages and attorneys' fees and costs incurred by the Funds or union hereunder in the sum of twenty-five (25%) percent of the unpaid balance of payments due hereunder;

D. and all fees including but not limited to attorneys and accounting fees

E. Such other relief as the Court deems equitable and just.

> Respectfully submitted,
> **METS SCHIRO MCGOVERN MANETTA & MILEWSKI, LLP**
> 838 Green St., Suite 102
> Iselin, NJ 08830
> Email: lschiro@msmlaborlaw.com
> Attorneys for Plaintiffs,
> Sheetmetal Workers Local 22 Welfare Fund, Pension Fund, Annuity Fund, Education Fund, Vacation Fund and the Board of Trustees
>
> /s/Leonard C. Schiro
>
> Leonard C. Schiro, Esq.

Dated: September 5, 2024